# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT FOR FORECLOSURE AND SALE** |
| **vs.** | **RE:** **334 Deerwander Road, Hollis Center, ME 04042** |
| **Melanie B. Howe and Henry W. Howe IV** | **Mortgage:** **April 20, 2007** **Book 15139, Page 0540** **York County Registry of Deeds** |
| **Defendants** **Asset Acceptance LLC** **Credit Acceptance Corporation** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Melanie B. Howe and Henry W. Howe IV *in rem* for Foreclosure and Sale, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this *in rem* foreclosure and sale action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation, the property, is valued in excess of $75,000.00, and, the Mortgage the Plaintiff is seeking to foreclose through its Power of Sale, is secured by a Note executed under seal currently owned and held by Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, in default since 2014, with a the total amount due in excess of Three hundred and Eighty-Six Thousand Eight Hundred Fifty-Eight and 42/100 ($386,858.42) dollars, thus, although this is an *in rem* action against the property only, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington") is a National Association with its principal place of business located at 1100 North Market, Wilmington, DE 19801.

5. The Defendant, Melanie B. Howe, is a resident of Hollis Center, County of York and State of Maine.

6. The Defendant, Henry W. Howe IV, is a resident of Standish, County of Cumberland and State of Maine.

7. The Party-in-Interest, Asset Acceptance LLC, is a limited liability company who, upon information and belief has a sole member of Encore Capital Group, Inc. a Delaware corporation with a main/principal place of business at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

8. The Party-in-Interest, Credit Acceptance Corporation, is a Michigan corporation with a main/principal place of business at 25505 West Twelve Mile Road, Suite 3000, Southfield, MI 48034.

<u>FACTS</u>

9. On April 20, 2007, by virtue of a Warranty Deed from Christopher J. Cote and Heather L. Cote, formerly known as Heather L. King, which is recorded in the York County Registry of Deeds in **Book 15139, Page 0538**, the property situated at 334 Deerwander Road, City/Town of Hollis Center, County of York, and State of Maine, was conveyed to Henry Howe and Melanie Howe, being more particularly described by the attached legal description. *See* **Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).**

10. On April 20, 2007, Defendants, Melanie B. Howe and Henry W. Howe IV executed and delivered to Challenge Financial Investors Corp. a certain Note under seal in the amount of $208,000.00. *See* **Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).**

11. To secure said Note, on April 20, 2007, Defendants, Henry W. Howe IV and Melanie B. Howe, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Challenge Financial Investors Corp, securing the property located at 334 Deerwander Road, Hollis Center, ME 04042 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15139**, **Page 0540**. *See* **Exhibit C (a true and correct**

copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated March 4, 2013, and recorded in the York County Registry of Deeds in **Book 16559**, **Page 45**. *See* **Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).**

13. On August 12, 2014, the Defendants, Melanie B. Howe and Henry W. Howe IV executed a Loan Modification Agreement which adjusted the principal amount of the Note to $237,329.72 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. *See* **Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).**

14. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated January 17, 2017, and recorded in the York County Registry of Deeds in **Book 17411**, **Page 360**. *See* **Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).**

15. The Mortgage was then assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of an Assignment of Mortgage dated September 12, 2017, and recorded in the York County Registry of Deeds in **Book 17568**, **Page 206**. *See* **Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).**

16. The Mortgage was further assigned to Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 by virtue of a Quitclaim Assignment dated February 21, 2023, and recorded in the York County Registry of Deeds in **Book 19237**, **Page 344, and re-recorded in Book 19238, Page 93**.  *See* **Exhibits H and I (a true and correct copy of the Quitclaim Assignment recorded without and with the Court Order authorizing the signor are attached hereto and incorporated herein).**

17. Ownership of the Mortgage, of record, in the York County Registry of Deeds, became effective as of the re-recording of the Quitclaim Assignment on May 15, 2023, to include the Court Order authorizing the execution of the quitclaim assignment.

18. Accordingly, any demand letter would not have been effective prior to May 15, 2023. *See Citimortgage v. Chartier,* 2015 ME 17, 111 A.3d 39 (Me. 2015).

19. Any demand letter, under the circumstances of this case, even after May 15, 2023, would have to comply with Title 14, §6111 and such compliance is a precondition to be able to bring an action of foreclosure and sale. *See Finch v. U.S. Bank,* 2024 ME 2, 307 A.3d 1049 (2024).

20. The sending of a demand letter, in of itself, does not accelerate a Mortgage or Note. Title 14, § 6111, and *see, id.* at 1064.

21. Pending before this Court is Civil Action 2:21-cv-00278-NT between the same Plaintiff and Defendant which could not have been filed with a count of foreclosure and sale at the time of its filing (September 30, 2021) or any time prior to that date. *See id* at 1061.

22. On August 5, 2024, the Defendants, Henry W. Howe IV and Melanie B. Howe, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* **Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).**

23. The Demand Letter informed the Defendants, Henry W. Howe IV and Melanie B. Howe, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* **Exhibit J.**

24. The Defendants, Henry W. Howe IV and Melanie B. Howe, failed to cure the default prior to the expiration of the Demand Letter.

25. Upon information and belief, on February 3, 2022, Henry W. Howe, IV conveyed his interest in the subject property to Melanie B. Howe. *See* **Exhibit K (a true and correct copy of the "Quitclaim Deed Without Covenant" is attached hereto and incorporated herein).**

26. The aforesaid Deed was delivered to, accepted and recorded by Melanie B. Howe on February 3, 2022, in the York County Registry of Deeds at Book 18944, Page 635.

27. The subject deed from Henry W. Howe recites "for consideration paid" and was sworn to as "his free act and deed" and his signature was witnessed by Melanie B. Howe.

28. The subject deed also indicates it was recorded by, and to be returned to, Melanie B. Howe, 334 Deerwander Rd., Hollis Center, Maine (the "subject property").

29. Upon information and belief, a Maine Real Estate Transfer Tax Declaration ("Form RETTD") was completed as part of this transaction by Henry W. Howe and Melanie B. Howe.

30. Upon information and belief there was no consideration paid for this transaction and no real estate transfer tax was paid as claimed on the recording deed.

31. The discrepancy concerning consideration between the aforesaid deed and Form RETTD is a violation of 36 M.R.S. § 4641-K.

32. The aforesaid deed transaction was done without the express or implied permission of the subject mortgagee or note holder and is therefore void, voidable and/or subject to the terms and conditions of the subject mortgage or note.

33. The aforesaid deed specifically states, "This conveyance is made subject to the mortgage granted by Henry W. Howe IV and Melanie Howe to Challenge Financial Investors, Corp. dated April 20, 2007, and recorded in the York County Registry of Deeds at Book 15139, Page 54."

34. The delivery to, and acceptance of, the aforesaid deed on February 3, 2022, by Melanie B. Howe ratifies the mortgage referenced in the deed and is an admission by Melanie B. Howe of the enforceability of the subject mortgage.

35. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

36. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

**37. This action seeks only *in rem* foreclosure of the mortgage.**

38. The ownership of the Note and the amount presently due thereon are outlined in this Complaint to comply with the Maine Foreclosure Statutes and in no way replicates allegations in the pending multi-count complaint based on the Howe Note.

39. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies that all steps mandated by law to

provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

40. Asset Acceptance LLC is a de minimis Party-in-Interest pursuant to a Writ of Execution in the amount of $2,607.61 dated March 23, 2011, and recorded in the York County Registry of Deeds in **Book 16122**, **Page 6** and may be in second position behind Plaintiff's Mortgage if it has complied with the notice requirements under Maine law.

41. Credit Acceptance Corporation is a de minimis Party-in-Interest pursuant to a Writ of Execution in the amount of $9,308.19 dated February 3, 2017, and recorded in the York County Registry of Deeds in **Book 17452**, **Page 826** and may be in a third position behind Plaintiff's Mortgage if it has complied with the notice requirements under Maine law.

42. The total debt owed under the Note and Mortgage as of September 24, 2024, is Three Hundred Eighty-Six Thousand Eight Hundred Fifty-Eight and 42/100 ($386,858.42) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $237,175.09 |
| Interest | $99,668.29 |
| Late Fees | $588.00 |
| Escrow Advance | $49,427.04 |
| | |
| Grand Total | $386,858.42 |

43. Upon information and belief, the Defendant, Melanie B. Howe, is presently in possession of the subject property originally secured by the Mortgage.

## FORECLOSURE AND SALE

44. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. This is an action for foreclosure and sale respecting a real estate related Mortgage and title on property located at 334 Deerwander Road, Hollis Center, County of York, and State of Maine.  *See* **Exhibit A.**

46. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies it is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

47. As such, Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, has the right to Foreclosure and Sale upon the subject property.

48. The Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

49. The Defendants, Melanie B. Howe and Henry W. Howe IV, are presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

50. The total debt owed under the Note and Mortgage as of September 24, 2024, is Three Hundred Eighty-Six Thousand Eight Hundred Fifty-Eight and 42/100 ($386,858.42) Dollars.

51. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

52. By virtue of the Defendants, Melanie B. Howe and Henry W. Howe IV's breach of condition, the Plaintiff hereby demands a Foreclosure and Sale on said real estate.

53. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Henry W. Howe IV and Melanie B. Howe, through her Counsel by agreement, on August 5, 2024, evidenced by the Certificate of Mailing. *See* **Exhibit J.**

54. The Defendants, Henry W. Howe IV and Melanie B. Howe, are not in the Military as evidenced by the attached **Exhibit L.**

55. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any claims filed by Parties-in-Interest in this matter;

c) Grant possession to the Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, upon the expiration of the period of redemption;

d) Find that the Defendants, Henry W. Howe IV and Melanie B. Howe, are in breach of the Note by failing to make payment due as of October 1, 2014, and all subsequent payments;

e) Find that the Defendants, Melanie B. Howe and Henry W. Howe IV, are in breach of the Mortgage by failing to make payment due as of October 1, 2014, and all subsequent payments;

f) Determine the amount due under the subject Note and Mortgage;

g) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1,
By its attorneys,

Dated: October 21, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com