NANCY E HAMMOND, REGISTER OF DEEDS
E-RECORDED    Bk 19238  PG 93
Instr # 2023012759
05/15/2023  10:22:26 AM
Pages 5      YORK CO

## Quitclaim Assignment of Mortgage

WHEREAS, **Challenge Financial Investors Corp.**, a Florida corporation with a former place of business at 3505 E. Frontage Road, #165, Tampa, FL 33607, is the lender on a certain mortgage executed by Melanie B. Howe and Henry W. Howe, IV, and bearing the date of April 20, 2007, and recorded in the York County Registry of Deeds on April 24, 2007 in Book 15139, Page 540 (the "**Mortgage**");

WHEREAS, pursuant to an Order Appointing Receiver for Challenge Financial Investors Corp. entered on February 3, 2023, by the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in Case No. 22-CA-007254 (the "**Receivership Order**"), Paul Wersant, Esq. was appointed Receiver for Lender, a true copy of which Order is attached hereto as Exhibit A;

WHEREAS, Lender may have certain rights that are described in the Mortgage and Receivership Order;

WHEREAS, Mortgage Electronic Registration Systems, Inc. ("**MERS**") was designated the mortgagee in the Mortgage as the nominee of Lender and its successors and assigns, and MERS was the mortgagee of record;

WHEREAS, this Quitclaim Assignment of Mortgage is not intended to and does not modify or assign any of the rights, title or interests that MERS had in the Mortgage; and

ACCORDINGLY, Lender hereby assigns and quit claims all of its rights, title and interest (whatever they may be, if any), in the Mortgage to **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1.**

PROPERTY ADDRESS:
334 Deerwander Road, Hollis Center, ME 04042

*[Signature page follows]*


EXHIBIT I

51619

SIGNATURE PAGE
TO
QUITCLAIM ASSIGNMENT OF MORTGAGE

CHALLENGE FINANCIAL INVESTORS CORP.

Dated: **Feb 21**, 2023

*/s/ Paul Wersant*

Paul Wersant, Esq., solely as Receiver for Challenge Financial Investors Corp., and not in an Individual or other capacity, by order of the the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in Case No. 22-CA-007254

STATE OF **Florida**
COUNTY OF **Hillsborough**

Personally appeared before me this **21st** day of **February** 2023, the above-named **Paul Wersant**, in their capacity as Court-Appointed Receiver of Challenge Financial Investors Corp. and acknowledged the foregoing to be their free act and deed in said capacity and the free act and deed of Challenge Financial Investors Corp.

*/s/ Dianne Sarkisian*

Type/Print Name: **Dianne Sarkisian**
Notary Public
My Commission Expires:

Notary Public State of Florida
DIANNE N SARKISIAN
My Commission GG 959678
Expires 02/18/2024

PROPERTY ADDRESS:
334 Deerwander Road, Hollis Center, ME 04042

51619

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA.

CASE NO. 292022CA007254A001HC
DIVISION: E

WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1
    Plaintiff,

vs.

CHALLENGE FINANCIAL INVESTORS CORP.
    Defendant(s).
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT RECEIVER

THIS CAUSE came before the Court on January 24, 2023, Plaintiff's, WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2015-1, Motion to Appoint Receiver over the Defendant, counsel for the Plaintiff appeared, no party appeared for the Defendants, and the Court having reviewed the Motion, affidavit and otherwise being duly advised on the premises finds as follows:

1.     The Court adopts the undisputed facts outlined in Plaintiff's Motion and Affidavit which establish the need for the appointment of a receiver.

2.     The Court finds that the appointment of a receiver is proper and necessary for the Plaintiff to enforce its lien in Maine.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED:**

3.     Plaintiff's Motion is hereby GRANTED.

1



4. Paul Wersant, Esq., is hereby appointed as the Receiver for the Defendant. The term of this receivership shall begin on the date of this Order. It shall terminate when the Receiver completes all tasks necessary to assist the Plaintiff with the enforcement of its lien.

5. Specifically, the Receiver shall have the power to execute any documents on behalf of the Defendant, including but not limited to any Assignments of Mortgages.

6. The Court shall retain jurisdiction in this cause to enter such further orders or to take any action as it deems appropriate.

7. The Receiver shall be immune from any and all liability of the Defendant. The Receiver and his agents and employees are hereby declared to be held harmless and not responsible for any or all claims, liability, demands, damages, expenses, fees, fines, penalties, suits, proceedings, actions and fees, including attorneys' fees, that have arisen or may raise out of the past operation of the Defendant.

8. The Plaintiff shall be entitled to enforce this Order against the Receiver if the Receiver fails to act out his duties.

DONE AND ORDERED in Chambers at _____, this _____ day of February 2023.

Electronically Conformed 2/3/2023
Anne-Leigh Gaylord Moe
_____
Circuit Judge

Copies furnished to:
Adam A. Diaz, Esq.
Diaz Anselmo & Associates, P.A.
P.O. BOX 19519
Fort Lauderdale, FL 33318
Service E-mail: answers@dallegal.com

All other parties on the service list attached
1491-187175 / CRO

2

SERIVCE LIST
292022CA007254A001HC

CHALLENGE FINANCIAL INVESTORS CORP
C/O NATIONAL REGISTERED AGENTS, INC.
128 STATE ST. #3
AUGUSTA, ME 04300

3